**Opinion issued November 18, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00624-CV

_____

## LISA SEARCY, Appellant

## V.

## JUAN CHAVARRIA, Appellee

---

**On Appeal from the 306th District Court**
**Galveston County, Texas**
**Trial Court Case No. 11-FD-3388**

---

## MEMORANDUM OPINION

On August 8, 2025, appellant, Lisa Searcy, proceeding pro se, filed a notice of appeal in connection with the underlying suit affecting the parent-child relationship. Appellant's notice of appeal stated that she sought to appeal the trial court's "final judgment and other rulings," but failed to identify any specific "final

judgment" or "other rulings" she was challenging on appeal. *See* TEX. R. APP. P. 25.1(d)(2). However, the appellate record reflects that on May 7, 2025, the trial court signed an "Order of Dismissal for Want of Prosecution," which appears to be the final judgment challenged by appellant. Appellant's August 8, 2025 notice of appeal was not timely filed to invoke the jurisdiction of this Court.

We therefore dismiss the appeal for lack of jurisdiction.

Absent a timely filed notice of appeal, we lack jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1. Generally, a notice of appeal of a final judgment must be filed within thirty days after the entry of judgment. *See* TEX. R. APP. P. 26.1. Accordingly, in order to invoke this Court's appellate jurisdiction over the trial court's May 7, 2025 order, appellant was required to file a notice of appeal on or before June 6, 2025.

Where a party timely files certain post-judgment motions, the deadline to file a notice of appeal is extended to ninety days after the entry of judgment. *See* TEX. R. APP. P. 26.1(a)(1). Post-judgment motions generally must be filed within thirty days after the judgment or other order complained of is signed. *See* TEX. R. CIV. P. 329b(a), (g). The appellate record reflects that appellant did not file any post-judgment motion with the trial court. Accordingly, appellant's August 8, 2025 notice of appeal was not timely filed.

Texas Rule of Appellate Procedure 26.3 allows for an extension of the deadline to file a notice of appeal if, within fifteen days after the deadline for filing a notice of appeal, an appellant files a notice of appeal in the trial court, and a motion for extension of time to file a notice of appeal in the appellate court. Taking this extension into account, appellant was required to file a notice of appeal in the trial court, and a motion for extension of time to file a notice of appeal in this Court, no later than June 23, 2025.

Appellant's August 8, 2025 notice of appeal was not filed by the deadline for filing a notice of appeal, even taking into account the extension provided by Texas Rule of Appellate Procedure 26.3. Further, the Court's records do not indicate that appellant filed a motion to extend the deadline to file her notice of appeal. Appellant's August 8, 2025 notice of appeal was therefore not timely filed.

Accordingly, on October 9, 2025, the Court notified appellant that it appeared the Court lacked jurisdiction over the appeal because her notice of appeal from the trial court's May 7, 2025 order was not timely filed. Appellant was directed to file a written response within ten days demonstrating, with citation to law and the record, that the Court had jurisdiction over the appeal.

On October 9, 2025, appellant filed a response to the Court's notice. In her response, appellant failed to establish that her notice of appeal was timely filed, or that the Court had jurisdiction over the appeal.

We therefore dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.